UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-1464** | Date | February 27, 2012 |

| | | | |
|---|---|---|---|
| Title | *ING Bank, FSB v. Anat Arbib, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS – ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On May 13, 2011, Plaintiff ING Bank filed a complaint in Los Angeles County Superior Court, Santa Monica Courthouse against Defendants Anat Arbib, Shaul Arbib, Adam Arbib, Gregory Arbib and Doe defendants I through X for unlawful detainer.  ING Bank seeks possession of real property and restitution for Defendants' use and occupancy of the property in the amount of $45.37 per day starting on May 3, 2011.  (Compl. at 2.)  The amount of damages sought by ING Bank does not exceed $10,000.  (*Id.* at 1.)

Defendant Gregory Arbib removed this case to federal court on February 21, 2012 asserting jurisdiction under 28 U.S.C. §§ 1441, 1332 and 1343.  Section 1441 provides for removability of cases in which the federal court has subject matter jurisdiction.  Section 1332 provides for federal court subject matter jurisdiction in cases having diversity of citizenship.  Section 1343 provides for federal subject matter jurisdiction in civil rights cases.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).  There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint does not reveal a basis for diversity jurisdiction.  The amount in controversy is well below the $75,000 jurisdictional threshold.  The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000.  Nor does the complaint support federal question jurisdiction.  Plaintiff's sole cause of action for unlawful detainer arises from state law.  Nor can federal jurisdiction rest upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-1464** | Date | February 27, 2012 |
|---|---|---|---|

| Title | *ING Bank, FSB v. Anat Arbib, et al.* | Page | 2 of 2 |
|---|---|---|---|

an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). Similarly, 28 U.S.C. § 1343 does not apply because Plaintiff does not allege that Defendants deprived it of a federal civil right.

      Accordingly, Defendant Gregory Arbib is **ORDERED TO SHOW CAUSE** in writing by **March 8, 2012** why this action should not be remanded to Los Angeles Superior Court. Failure to file a timely and satisfactory response shall result in the remand of this action to state court.