UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-1464-DMG (AJWx)** | Date | March 15, 2012 |
|---|---|---|---|

| Title | ***ING Bank, FSB v. Anat Arbib, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On February 21, 2012, defendant Gregory Arbib removed this case to this Court under 28 U.S.C. §§ 1441, 1332 and 1343, asserting jurisdiction based on diversity of citizenship and civil rights. On February 27, 2012, this Court ordered defendant to show cause in writing by March 8, 2012 why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction ("OSC"). [Doc. # 6.] Defendant was advised that failure to file a timely and satisfactory response would result in the remand of this action to state court. To date, defendant has failed to file any response to the OSC.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint does not reveal a basis for diversity jurisdiction as the amount in controversy is well below the $75,000 jurisdictional threshold. Plaintiff ING Bank sues for unlawful detainer seeking possession of real property and restitution for defendants' use and occupancy of the property in the amount of $45.37 per day starting on May 3, 2011. (compl. at 2.) The caption of the complaint clearly states that the amount of damages sought by plaintiff does not exceed $10,000.

Because the sole cause of action for unlawful detainer arises from state law, there also is no basis for federal question jurisdiction. Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60-61

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |

| Case No. | CV 12-1464-DMG (AJWx) | Date | March 15, 2012 |
|---|---|---|---|
| Title | *ING Bank, FSB v. Anat Arbib, et al.* | Page | 2 of 2 |

(2009).  Similarly, 28 U.S.C. § 1343 does not apply because plaintiff does not allege that defendants deprived it of a federal civil right.

As such, this Court lacks subject matter jurisdiction over this action.[1]  Accordingly, this action is hereby **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.

---

[1] Plaintiff's unlawful detainer action against these defendants was previously removed to federal court and remanded to state court for lack of subject matter jurisdiction.  *See ING Bank, FSB v. Anat Arbib, et al.*, Case No. CV-11-6930-GW (PLAx).  Notice is hereby given to defendants that any future attempts to remove the underlying unlawful detainer action to federal court shall be deemed to be in bad faith and an abuse of the removal procedure and shall result in the imposition of monetary sanctions upon defendants.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk VV |